IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DEBORAH RUBIN,

                Plaintiff,                                  10cv1651

**ELECTRONICALLY**
v.                                                             **FILED**

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY

                Defendant.

**MEMORANDUM OPINION**

Deborah Rubin ("Plaintiff") brings this action for payment of underinsured motorist ("UIM") benefits under a policy of motor vehicle insurance issued by State Farm Mutual Automobile Insurance Company ("Defendant"). Initially, Plaintiff filed her complaint in the Court of Common Pleas of Allegheny County alleging bad faith, violation of Unfair Trade Practices and Consumer Protection Law, breach of contract, breach of fiduciary duty of good faith and fair dealing, and negligence. Docket No. 1-1. On December 10, 2010, this case was timely removed to this Court based upon diversity of parties. Doc. No. 1. Thereafter, on December 17, 2010, Defendant filed a Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Doc. No. 5. Plaintiff filed a response to Defendant's Motion to Dismiss on January 5, 2011. Doc. No. 11. Based upon this Court's Order, Plaintiff filed an amended complaint. Doc. No. 13.[1]

---

[1] Typically, this Court entertains renewed Motions to Dismiss. However, in light of the fact that Plaintiff has abandoned two of her five claims and conceded that two additional claims are premature, Plaintiff's only remaining claim is for breach of contract. Furthermore, because Plaintiff's breach of contract claim was not significantly modified by the Amended Complaint and because the issue has been well briefed by Defendant in its Motion to Dismiss, (Doc. Nos. 5 & 6) the Court will address Plaintiff's sole remaining claim of breach of contract in this Opinion.

For the subsequent reasons, Defendant's Motion to Dismiss (Doc. No. 5) will be granted as to Counts I, II, IV, and V of Plaintiff's Complaint.[2] Defendant's Motion to Dismiss will be denied as to Count III, alleging breach of contract.

## I. Factual Background

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, at this stage the Court accepts all of the factual allegations in the complaint as true and all reasonable inferences are drawn in Plaintiff's favor. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). Therefore, the facts of the case are as follows:

On or about August 25, 2008, Plaintiff was involved in an automobile accident in Monroeville, Pennsylvania, when she was struck from behind by a third-party driver. Doc. No. 13, ¶ 3. As a result, Plaintiff suffered various potentially permanent physical injuries. Id. at ¶ 5. At the time of the accident, Plaintiff was insured under a policy issued by the Defendant which provided underinsured motorist coverage in accordance with and subject to the policy's terms, conditions, limitations and exclusions and the Pennsylvania Motor Vehicle Financial Responsibility Law. Id. at ¶ 7.

Plaintiff reported the accident to Defendant in a timely fashion and made a claim for benefits under her insurance policy. Doc. No. 13, ¶ 8. The tortfeasor tendered an offer which Plaintiff accepted and Defendant approved. Id. at ¶ 10. The benefits from this offer were exhausted, but Plaintiff's injuries and damages were not fully compensated. Id. at ¶ 11. Plaintiff

---

[2] This Opinion will refer to Plaintiff's counts in her Complaint for clarity because her Amended Complaint does not include any distinct causes of action. The Court will also cite to both the Complaint and Amended Complaint to the extent which the Complaint contains more detailed factual averments.

then initiated a claim for underinsured motorist benefits through her insurance policy with Defendant. Id. at ¶ 12.

In regards to underinsured motorist coverage, Plaintiff's policy provides in relevant part[3]:

**Insuring Agreement-Coverages W and W3**

We will pay compensatory damages for bodily injury an insured is legally entitled to recover from the owner or driver of an underinsured motor vehicle. The bodily injury must be:

1. Sustained by an insured; and

2. Caused by an accident that involves the ownership, maintenance, or use of an underinsured motor vehicle as a motor vehicle.

**Deciding Fault and Amount- Coverages W and W3**

1. a. The insured and we must agree to the answers to the following two questions:
2. Is the insured legally entitled to recover compensatory damages from the owner or driver of the underinsured motor vehicle?
3. If the insured and we agree that the answer to 1.a. above is yes, then what is the amount of the compensatory damages that the insured is legally entitled to recover from the owner or driver of the underinsured motor vehicle?

---

[3] Considering Plaintiff's insurance policy with Defendant's Motion to Dismiss does not convert said motion to a Motion for Summary Judgment. In deciding motions to dismiss, courts generally only consider the Complaint, its attached exhibits, and matter of public record. *Pension Benefit Guar. v. White Consol Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). However, a court may also consider, "an undisputedly authentic document that a defendant attaches as an exhibit to a motion dismiss if the plaintiff's claims are based on the document." *Id.* Such documents may be consulted without converting a motion to dismiss into a motion for summary judgment. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997).

> b. If there is no agreement on the answer to either question 1.a. above, then the insured shall:
> (1) file a lawsuit, in a state or federal court that has jurisdiction, against:
> (a) us;
> (b) the owner and driver of the underinsured motor vehicle unless we have consented to a settlement offer proposed by or on behalf of such owner or driver, and
> (c) any other party or parties who may be legally liable for the insured's damages:
> (2) consent to a jury trial if requested by us;
> (3) agree that we may contest the issues of liability and the amount of damages; and
> (4) secure a judgment in that action. The judgment must be the final result of an actual trial and any appeals, if any appeals are taken.

(Plaintiff's State Farm policy, Doc. No. 7-1, 24).

Defendant did not tender an offer in this matter, "to adequately compensate Plaintiff for the severe and permanent injuries and damages which she sustained." Doc. No. 13, ¶ 13.

Plaintiff contends that Defendant denied her benefits to which she was untitled, under the terms and conditions of her insurance contract. Id. at ¶ 14, 15. As a result of such a denial, Plaintiff contends that she suffers and will continue to suffer from physical pain and suffering, mental anguish, humiliation and embarrassment, inconvenience, wage loss, impaired ability to enjoy life, hobbies and recreational pursuits. Doc. No. 13 at ¶ 17, a-h. Plaintiff commenced the present action based upon Defendant's failure to pay underinsured motorist benefits. Doc. No. 13.

**II. Standard of Review**

In considering a Rule 12(b)(6) motion, federal courts require notice pleading, as opposed to the heightened standard of fact pleading. Federal Rule of Civil Procedure 8(a)(2) requires only " 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds on which it rests.' "

4

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

To survive a motion to dismiss, plaintiff must allege sufficient facts that, if accepted as true, state "a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570). A claim has facial plausibility when a plaintiff pleads facts that allow the court to draw the reasonable inference that the defendant may be liable for the misconduct alleged. *Id*. at 1949. However, the court is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal*, 129 S.Ct. at 1950 (quoting *Twombly*, 550 U.S. at 555). In deciding a motion to dismiss, a court must determine whether the complaint "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Pennsyl. Prison Soc. v. Cortes*, 622 F.3d 215, 233 (3d Cir. 2010), citing *Iqbal*, 129 S.Ct. at 1949. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.*; *see also Fowler*, 578 F.3d at 210-211.

As explained succinctly by the United States Court of Appeals for the Third Circuit:

> Pursuant to *Ashcroft v. Iqbal*, [citation omitted], district courts must conduct a two-part analysis when presented with a motion to dismiss. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir.2009). "First, the factual and legal elements of a claim should be separated." *Id*. "The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions." *Id*. at 210-11. "Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Id*. at 211 (quoting *Iqbal*, 129 S.Ct. at 1950).

*Edwards v. A.H. Cornell and Son, Inc.*, 610 F.3d 217, 219 (3d Cir. 2010).

When determining whether a plaintiff has met the second part of the analysis and presented facts sufficient to show a "plausible claim for relief," the Court must consider the

specific nature of the claim presented and the facts pled to substantiate that claim. For example, in *Fowler*, a case predicated upon a violation of the Rehabilitation Act, the Court of Appeals determined that "[t]he complaint pleads how, when, and where [the defendant] allegedly discriminated against Fowler." *Fowler*, 578 F.3d at 212. The Court, while noting that the Complaint was "not as rich with detail as some might prefer," it the "how, when and where" provided by the plaintiff sufficient grounds to establish plausibility. *Id*. at 211-212.

The United States Court of Appeals for the Third Circuit, in *Guirguis v. Movers Specialty Services, Inc.*, 346 Fed.Appx. 774, 776 (3d Cir. 2009), a civil rights and Title VII case, affirmed a decision to dismiss a plaintiff's Complaint because the plaintiff failed to plead facts explaining <u>why</u> he believed his national origin was the basis for the termination of his employment.

Therefore, when deciding a motion to dismiss under Rule 12(b)(6), the district court should apply the following rules. The facts alleged in the Complaint, but not the legal conclusions, must be taken as true and all reasonable inferences must be drawn in favor of plaintiff. *Iqbal,* 129 S.Ct. at 1949; *Twombly*, 550 U.S. at 555. We may not dismiss a Complaint merely because it appears unlikely or improbable that plaintiff can prove the facts alleged or will ultimately prevail on the merits. *Id*. at 556, 563 n.8. Instead, we must ask whether the facts alleged raise a reasonable expectation that discovery will reveal evidence of the necessary elements. *Id.* at 556. In short, the motion to dismiss should not be granted if plaintiff alleges facts which could, if established at trial, entitle him to relief. *Id*. at 563 n.8. Generally speaking, a complaint that provides adequate facts to establish "how, when, where, and why" will survive a motion to dismiss. *See Fowler* and *Guirguis*, supra.

A federal court sitting in diversity must apply the substantive law of the state in which it sits. *Appalachian Ins. Co. v. Liberty Mut. Ins. Co.*, 676 F.2d 56 (3d Cir. 1982). Therefore, Pennsylvania law applies in this case.

It is on this standard that this Court has reviewed Plaintiff's Complaint (Doc. No. 1-1), Defendant's Motion to Dismiss (Doc. No. 5), and Plaintiff's Response thereto. Doc. No. 11.

### III. Discussion

As a result of its failure to pay benefits under the insurance policy, Plaintiff originally alleged that Defendant was liable to her for: (1) bad faith in violation of 42 Pa.C.S.A. § 8371; (2) violation of Unfair Trade Practices and Consumer Protection Law pursuant to 73 Pa.C.S. § 20101 *et seq.*; (3) breach of contract; (4) breach of fiduciary duty of good faith and fair dealing; and (5) negligence. (Doc. No. 1-1). In the present motion, Defendant moves to dismiss all counts of Plaintiff's Amended Complaint on the ground that she has failed to state a claim upon which relief may be granted as required by Rule 12(b)(6) of the Federal Rules of Civil Procedure. Doc. No. 5. In response to Defendant's Motion to Dismiss (Doc. No. 5), Plaintiff concedes that her claims for bad faith and violation of the Unfair Trade Practices and Consumer Protection Law, set forth in Counts I and II of her Complaint, "are premature at this point." Doc. No. 12, 11. Accordingly, such claims were not included in Plaintiff's Amended Complaint. Doc. No. 11-1. Therefore, as an initial matter, Defendant's Motion to Dismiss will be granted as to Counts I and II of Plaintiff's Complaint. Plaintiff's remaining claims will be addressed in turn.

#### A. Breach of Contract

In support of its Motion to Dismiss, Defendant argues that Plaintiff's breach of contract claim should be dismissed because she failed to identify any facts demonstrating that it breached

the insurance contract. To state a claim for breach of contract, a plaintiff must plead facts that show: (1) the existence of a contract; (2) a breach of a duty imposed by the contract; and (3) resultant damages. *Pennsy. Supply Co. v. American Recycling Corp.*, 895 A.2d 595, 600 (Pa.Super. 2006), quoting *Corestates Bank, N.A. v. Cutillo*, 723 A.2d 1053, 1058 (Pa. Super. 1999). Plaintiff alleges that Defendant "is in breach of its contract of insurance with the Plaintiff" and the "breach has directly and proximately caused and continues to cause the Plaintiff to suffer damages." Doc. No. 1-1, 9. The aforesaid language was the only pleaded information addressing Defendant's alleged breach of contract in Plaintiff's Complaint. Doc. No. 1-1.

Under the standards of Fed. R. Civ. Pro. 12(b)(6), at this stage, the court accepts all Plaintiff's allegations in her complaint and reasonable inferences that can be drawn therefrom. *Iqbal*, 129 S.Ct. at 1949. Plaintiff has alleged that "at all times pertinent hereto, State Farm has issued an insurance policy covering and insuring [her]. . . ." Doc. No. 11-1, 3. Therefore, Plaintiff has pled facts that show the existence of a contract between the parties.

Plaintiff further alleges that despite liability being clear and evident against the tortfeasor, and the monies received from the third party tortfeasor and the first level of [insurance coverage] failing to adequately compensate her for the severe and permanent injuries and damages which she sustained, her timely claim for benefits was "unreasonably" denied by Defendant. Doc. No. 13, 4. According to Plaintiff, Defendant's failure to make an offer "without any reasonable basis in view of the severe injuries experienced . . . and the significant and continuing functional limitations she experiences" demonstrates that Defendant is in breach of contract. Id. at 5. Specifically, Plaintiff avers that the insurance policy "included underinsured motorist coverage for [her] in this matter." Id. at 3. Accepting all of Plaintiff's averments as true, she has

8

adequately pled that Defendant breached its duty to pay underinsured motorist benefits owed to her under her insurance policy and the specific factual circumstances of her accident. Id. at ¶ 15.

Finally, Plaintiff has alleged resultant damages from Defendant's unreasonable denial of underinsured motorist benefits including past, present, and future physical pain and suffering, wage loss, and other incidental damages yet to be determined, which are in excess of her settlement with the tortfeasor and the first level of underinsured motorist coverage. Doc. No. 13, 5. Therefore, because Plaintiff has pled facts that show the existence of an insurance contract, a breach of a duty to reasonably evaluate and pay underinsured motorist coverage imposed by the contract; and resultant damages, she has provided adequate facts which could, if established at trial, entitle her to relief. *Twombly*, 550 U.S. at 555, *Pennsy. Supply Co.*, 895 A.2d at 600. Accordingly, Defendant's Motion to Dismiss Plaintiff's breach of contract claim will be denied.

### B. *Breach of Duty of Good Faith and Fair Dealing*

In her Complaint, Plaintiff alleges that Defendant breached its "fiduciary duty of utmost good faith and fair dealing" owed to her by failing to adequately evaluate and address the valuation of her injuries; failing to properly supervise its agents; failing to properly institute proceedings to ensure the proper and timely handling of her claim; and failing to investigate and pay the claim properly. Doc. No. 1-1, ¶ 38 (a)-(g). Specifically, Plaintiff alleges in her Complaint that:

> 38. Defendant State Farm has breached its fiduciary duty of utmost good faith and fair dealing owed to the Plaintiff by committing the following acts and omissions:
>
> a. failing to properly evaluate the severity and extent of the Plaintiff's injuries and damages;
>
> b. failing to adequately address the Plaintiff's claim with regard to the valuation of [her] injuries and damages;

c. forcing its insured, the Plaintiff, to institute litigation to recover monies properly owed to them under the aforesaid policy of insurance;

d. failing to investigate and pay this claim promptly;

e. failing to properly supervise its agents, servants, and/or employees in their adjustment of the Plaintiff's claim;

f. failing to institute procedures and/or failing to enforce procedures to ensure the properly and timely handling of the Plaintiff's claim; and,

g. such other conduct as discovery may reveal.

In support of its Motion to Dismiss, Defendant argues that no fiduciary duty was owed and that there is no separate cause of action for a contractual breach of breach of "fiduciary duty of utmost good faith and fair dealing". Doc. No. 6. Plaintiff has abandoned this claim with the filing of her Amended Complaint. See Doc. No. 13. Therefore, this claim is now moot.

### C. *Negligence*

Under Pennsylvania law, a negligence claim consists of four elements: (1) a duty or obligation recognized by the law, requiring the actor to conform to a certain standard of conduct; (2) a failure to conform to the required standard; (3) a causal connection between the conduct and the resulting injury; and (4) actual loss or damage resulting to the interests of another. *Kleinknecht v. Gettysburg College*, 989 F.2d 1360, 1366 (3d Cir. 1993), *Rabutino v. Freedom State Realty Co., Inc.*, 809 A.2d 933, 938 (Pa. Super. 2002).

In regard to her negligence claim, Plaintiff alleged in her original complaint that:

Defendant State Farm, acting through its agents, servants and employees, owed the Plaintiff a duty to address her insurance claim and pay such amounts as are properly due to the Plaintiff under the aforesaid insurance policy issued by Defendant State Farm to the Plaintiff which provides coverage in this matter in a reasonable and prudent manner.[4] Doc. No. 1-1, 11.

---

[4] Specifically, in her original complaint, Plaintiff alleged that Defendant breached its duty to Plaintiff by:

Defendant argues that Plaintiff's claim for negligence fails because it is barred by the gist of the action doctrine. Doc. No. 6, 19. Plaintiff abandoned her claim for negligence in her Amended Complaint. Doc. No. 13. Therefore, this issue is now moot.

**IV. Conclusion**

For the foregoing reasons, Defendant's Motion to Dismiss (Doc. No. 5), pursuant to Federal Rule of Civil Procedure 12(b)(6) will be DENIED as to Plaintiff's breach of contract claim, as set forth in Count III of her complaint. Doc. No. 1-1. See also Doc. No. 13.

Defendant's Motion to Dismiss will be GRANTED as to Plaintiff's claims for bad faith, violation of the Unfair Trade Practice and Consumer Protection Law, breach of fiduciary duty of good faith and fair dealing, and negligence, as set forth in Counts I, II, VI, and V of Plaintiff's original complaint. Doc. No. 1-1. An appropriate order follows.

s/ Arthur J. Schwab  
Arthur J. Schwab  
United States District Judge

cc: All Registered ECF Counsel and Parties

---

 a. failing to properly evaluate the severity and extent of the Plaintiff's injuries and damages;
b. failing to adequately address the Plaintiff's claim with regard to the valuation of [her] injuries and damages;
c. forcing its insured, the Plaintiff, to institute litigation to recover monies properly owed to them under the aforesaid policy of insurance;
d. failing to investigate and pay this claim promptly;
e. failing to properly supervise its agents, servants, and/or employees in their adjustment of the Plaintiff's claim;
f. failing to institute procedures and/or failing to enforce procedures to ensure the properly and timely handling of the Plaintiff's claim; and,
g. such other conduct as discovery may reveal.

These are the same alleged acts and omissions which Plaintiff originally alleged in Count IV for breach of fiduciary duty of good faith and fair dealing. Doc. No. 1-1, 10-11.